

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-92,732-02

### EX PARTE FRANCISO CASTIO BERBER, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W08-71908-K(A) IN THE CRIMINAL DISTRICT COURT NO. 4
### FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Applicant entered an open plea of guilty to aggravated sexual assault of an elderly or disabled person and was sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Berber v. State*, No. 05-08-01467-CR (Tex. App. — Dallas Dec. 2, 2010) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things,[1] that his trial counsel was ineffective for various reasons. Applicant alleges that trial counsel advised him to reject a twenty-five year plea offer and

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

enter an open plea of guilty to the trial court in the hopes of getting community supervision, when Applicant was not eligible for community supervision because of the nature of the offense. Applicant alleges that but for trial counsel's erroneous advice, he would have accepted the twenty-five year offer. Applicant also alleges that he was denied the opportunity to consult with trial counsel before he was evaluated for competency, and was unable to communicate with counsel about his mental health issues and the effects of his medications.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Ex parte Argent*, 393 S.W.3d 781 (Tex. Crim. App. 2013). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order trial counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

On the habeas application form, Applicant makes reference to various exhibits he allegedly filed in support of his claims. However, the habeas record does not contain any such exhibits. The trial court shall first ensure that the habeas record is supplemented with copies any exhibits or memoranda filed by Applicant in conjunction with his habeas application, and with copies of all written plea papers and any documents relevant to the competency evaluations and plea proceedings in this case. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and whether Applicant was prejudiced. The trial court may

make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: July 28, 2021
Do not publish